IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eaton Corporation, | ) | CASE NO.: 1:20-CV-893 |
| | ) | |
|     Plaintiff/Counter-Defendant, | ) | Hon. Bridget M. Brennan |
| | ) | |
| vs. | ) | |
| | ) | |
| Angstrom Automotive Group, LLC and Wrena, LLC, | ) | |
| | ) | |
|     Defendants/Counter-Plaintiffs. | ) | |

**PLAINTIFF EATON CORPORATION'S MOTION TO STRIKE
THE REBUTTAL EXPERT REPORT OF ADEL KHANFAR**

Plaintiff, Eaton Corporation ("Eaton" or "Plaintiff"), by and through the undersigned counsel, submits this motion to strike the Rebuttal Expert Report of Adel Khanfar (the "Motion"). The rebuttal report was served by defendants Angstrom Automotive Group, LLC ("Angstrom") and Wrena, LLC ("Wrena") (collectively, "Defendants") thirty (30) days after the parties' agreed upon deadline for reports by the party without the burden of proof. In support of this Motion, Eaton states as follows:

**BACKGROUND**

1.    This case was initially assigned to Judge Donald C. Nugent. Judge Nugent's standard Rule 26(f) report required the parties to provide deadlines for the exchange of expert reports, including a deadline for Plaintiff's (or party with the burden of proof on an issue) expert report and a deadline for Defendant's (or party without the burden of proof on an issue) expert report. A copy of Judge Nugent's standard Rule 26(f) report is attached as **Exhibit A**. In preparing

1

the Stipulated Scheduling Order [D.E. 40], the parties included an additional deadline for rebuttal reports to permit the parties with the burden of proof to respond.

2. At all times, the parties understood the three expert report deadlines set forth in the Court's initial Stipulated Scheduling Order to suggest that the party with the burden of proof on an issue would serve an initial report, the opposing party would submit an expert report in response to the initial report, and then the party with the burden of proof on an issue would reply (rebuttal).

3. The parties timely exchanged expert reports related to issues on which each party had the burden of proof.

4. The deadline for the party without the burden of proof to respond to the initial expert reports was December 1, 2022.  The deadline for rebuttal reports was January 2, 2023.

5. On December 1, 2023, Eaton served its expert report in response to Defendants' October 31, 2022 expert report on issues which Defendants had the burden of proof.

6. Eaton did not receive an expert reports in response to the two expert reports it served on October 31, 2022 related to issues on which Eaton had the burden of proof.

7. However, on January 2, 2023, Defendants served an expert report, which is titled as Rebuttal Expert Report of Dr. Adel Khanfar (the "Khanfar Report").  However, the Khanfar Report is a response report to Eaton's initial expert report served on October 30, 2022, and is therefore untimely.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(a)(2)(D) requires that a party disclose its expert witnesses "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D).  *See also In re Nat'l Prescription Opiate Litig.*, 2019 WL 3553892, at *2 (N.D. Ohio Aug. 5, 2019). "District Courts have broad discretion to exclude untimely disclosed expert witness testimony."

*Id.* (citation omitted). And, "[p]arties that do not comply with the disclosure requirements face sanctions under Rule 37(c)(1)." *See Bendix Commercial Vehicle Sys. LLC v. Haldex Brake Prod. Corp.*, No. 1:09-CV-176, 2010 WL 11561585, at *2 (N.D. Ohio Aug. 12, 2010) (citation omitted).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Furthermore, "the Sixth Circuit has held that when a party violates Fed. R. Civ. P. 26(a) or (e), the sanction set forth in Rule 37(c)(1) is mandatory and automatic unless the non-disclosing party can demonstrate that the non-disclosure was substantially justified or harmless." *Id.* (citing *Bowe v. Consol. Rail Corp.*, No. 99-4091, 2000 WL 1434584, at *2 (6th Cir. Sept. 19, 2000); *Vance v. United States*, No. 98-5488, 182 F.3d 920, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

Here, the deadline to serve expert reports for the party without the burden of proof was December 1, 2023 (extended by agreement of the parties). Defendants did not serve the Khanfar Report until January 2, 2023, which was the deadline for rebuttal reports. However, the labeling of the Khanfar Report as a rebuttal report should not alter the Court's analysis here as the Khanfar Report is clearly in response to the October 23, 2022 expert report served by Eaton regarding liability, and not in response to Eaton's December 1, 2022 expert report in opposition to Defendant's initial expert report. Therefore, the Khanfar Report should have been served by the December 1, 2022 deadline for the party without the burden of proof.

Moreover, service of the untimely report is not substantially justified or harmless. The rebuttal report deadline was added to provide the party with the burden of proof on an issue an opportunity to serve an expert report in reply to the opposing party's response expert report. By

submitting their response expert report under the guise of a rebuttal report, Defendants have deprived Eaton of its opportunity to submit a timely rebuttal report, which greatly prejudices Eaton in the prosecution of its claims and defense of Defendants' counterclaims.

**WHEREFORE**, Eaton respectfully requests that the Court enter an Order striking the Rebuttal Expert Report of Dr. Adel Khanfar, precluding Dr. Adel Khanfar from testifying as to the expert opinions expressed in his report, and for such other and further relief as the Court deems just and proper.

Dated: January 13, 2023            Respectfully submitted,

By: */s/ Donnie M. King*
**AKERMAN LLP**
Michael C. Marsh (admitted *pro hac vice*)
Email: michael.marsh@akerman.com
Donnie M. King (admitted *pro hac vice*)
Email: donnie.king@akerman.com
Eric D. Coleman (admitted *pro hac vice*)
Email: eric.coleman@akerman.com
Sheena Y. Allen (admitted *pro hac vice*)
Email: sheena.allen@akerman.com
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
Nicholas J. Secco (6275881)
Email: nsecco@beneschlaw.com
Lally A. Gartel (6309056)
Email: lgartel@beneschlaw.com
Ashleigh Morpeau (6321167)
Email: amorpeau@beneschlaw.com
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-463771
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

        Joseph A. Castrodale (0018494)
        Email: jcastrodale@beneschlaw.com
        Gregory J. Phillips (0077601)
        Email: gphillips@beneschlaw.com
        200 Public Square
        Cleveland, Ohio 44114
        Telephone: (216) 363-4500
        Facsimile: (216) 363-4588

*Attorneys for Plaintiff Eaton Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 13, 2023, a copy of the foregoing was served via email on all parties in this action.

/s/ Donnie M. King
Donnie M. King (admitted *pro hac vice*)
*Attorneys for Plaintiff Eaton Corporation*