UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

EATON CORPORATION, )
                                                          )   CASE NO. 1:20-CV-893
      Plaintiff/Counter-Defendant, )
                                                          )   JUDGE BRIDGET MEEHAN BRENNAN
v. )
)
ANGSTROM AUTOMOTIVE, )   **OPINION AND ORDER**
GROUP, LLC, *et al.*, )
)
      Defendants/Counter-Plaintiffs. )

Eaton Corporation moves to have the expert report of Dr. Adel Khanfar stricken because it was not timely produced in discovery. (Doc. No. 65.) Defendants Angstrom Automotive Group, LLC and Wrena, LLC opposed the motion (Doc. 67), and Eaton replied in support (Doc. No. 73.) For the reasons stated herein, Eaton's motion is DENIED.

**I.**     **Background**

On February 16, 2021, Eaton filed a Stipulated Scheduling Order with then-assigned District Judge Donald C. Nugent. (Doc. No. 38.) Judge Nugent adopted the timeline and the language in Eaton's filing. (Doc. No. 40.) Accordingly, the Order states in pertinent part:

    7. Expert report(s) for the party with the burden of proof on an issue shall be served by March 9, 2022.

    8. Expert report(s) for any party without the burden of proof on an issue shall be served by April 7, 2022.

    9. Rebuttal reports shall be served by May 3, 2022.

    10. Expert discovery shall be completed by July 7, 2022.

(Doc. No 40 at PageID 277-78.)

This matter was transferred to the undersigned's docket on February 22, 2022. (2/22/2022 Non-Document Entry.) Since then, this Court has granted three requests to extend expert discovery deadlines. (*See* 3/10/2022 Minutes Entry; Doc. No. 62; 11/18/2022 Minutes Entry.)

In the most recent request, which was filed on November 16, 2022, the parties sought to extend the November 10, 2022 deadline for the party without the burden of proof to submit expert reports until December 1, 2022. (Doc. No. 64.) The parties also sought an order extending "expert rebuttal reports" and the "expert discovery deadline" to January 2, 2023, and January 31, 2023, respectively. (*Id.*) The Court denied the parties' request to extend the expired deadline. (11/18/2022 Minutes Entry.) As to the two unexpired deadlines, the Court granted the joint request and ordered that "[e]xpert rebuttal reports are extended until January 2, 2023, and overall expert discovery will be extended until January 31, 2023." (*Id.*) The Court also ordered that "there will be no further extensions of expert discovery." (*Id.*) Neither party sought, nor did the Court order on its own, an extension of the dispositive motion deadline of February 1, 2023. (*See* Doc. No. 64; 11/18/2022 Minutes Entry.)

On January 2, 2023, Defendants submitted the Rebuttal Expert Report of Dr. Adel Khanfar ("Khanfar Report"). (Doc. No. 65 at PageID 616.) Eaton argues that the Khanfar Report should have been produced on December 1, 2022, which was the parties' agreed date for the submission of expert reports on matters for which the submitting party does not bear the burden of proof. (*Id.*) As relief, Eaton requests that the Court strike the report, preclude Dr. Khanfar from testifying as to the expert opinions addressed in his report, and any other relief the Court deems appropriate. (*Id.* at PageID 618.)

**II.     Analysis**

The timing for disclosures of expert testimony is governed by Rule 26(a)(2)(D): "A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: . . . (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Except in cases where the failure to comply with Rule 26 was either "substantially justified or harmless," the party who failed to timely disclose or supplement expert testimony "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial . . . ." Fed. R. Civ. P. 37(c)(1). "The purpose of this rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Charvat v. Echostar Satellite, LLC*, 2009 U.S. Dist. LEXIS 61059, at *4 (S.D. Ohio July 16, 2009).

The Sixth Circuit recognizes "[h]armlessness [as] the key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotations omitted). Harmlessness means "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting Vance ex rel. Hammons v. United States, 182 F.3d 920, at *5 (6th Cir.1999)). To establish whether the responding party has met its burden of demonstrating harmlessness, the following five factors must be considered: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*. at 747-48 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)).

As for surprise, Eaton does not claim any.  It is undisputed that Eaton has known about Dr. Khanfar and Dr. Khanfar's knowledge of Part No. 173c147 (the disputed part) from the beginning of this litigation.  Defendants disclosed Dr. Khanfar in their initial disclosures.  (Doc. No. 67-1.)  For its own part, Eaton included Dr. Khanfar in its supplemented initial disclosures.  (Doc. No.  67-3 at PageID 651.)  Eaton deposed Dr. Khanfar as a fact witness on June 23, 2022.  (Doc. No. 67-4 at PageID 695.)  As such, Eaton has known that Dr. Khanfar will likely testify at trial and what he will say.  *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783-84 (6th Cir. 2003).

Additionally, Eaton was aware of what it perceived to be a violation of the Court's expert discovery deadlines on or about January 2, 2023, but chose to file this motion to strike the report.[1]  It did not alert the Court to this discovery dispute, as Local Rule 37.1 requires.  It did not seek relief from the present deadlines due to an alleged violation of the expert discovery deadlines, something that was not and could not have been raised during the November 18, 2022 status conference.  It also did not seek additional time to submit dispositive motions.  When Eaton submitted this motion, the expert discovery period was ongoing and not set expire until January 31, 2023.

Even if there was some element of surprise, Defendants offered to cure it.  In opposition, Defendants state that "the parties have already scheduled a second deposition of Dr. Khanfar, in connection with ongoing expert discovery."  (Doc. No. 67 at PageID 644.)  While it is unclear from the present submissions if this second deposition occurred, Eaton had the opportunity to depose Dr. Khanfar as an expert witness.  Eaton's assertion that it will be prejudiced because it was denied the opportunity to rebut the report and was too far into its dispositive motion briefing

---

[1] The present motion was filed on January 13, 2023.

to engage in further expert discovery during what it knew was the expert discovery period, is not well-taken.  That Eaton chose to forego discovery opportunities – during the established discovery period or even after as agreed to by the parties – does not create the prejudice Eaton now asserts.  Similarly, Eaton's choice to forego seeking additional time to submit dispositive motions in the face of a purported discovery violation also does not support Eaton's assertion of prejudice.  Eaton had options.  It chose this one.

The absence of any surprise to Eaton, coupled with Eaton's opportunity to depose Dr. Khanfar again, strongly supports this Court's finding that allowing Dr. Khanfar to testify as to his expert opinions at trial will not be disruptive.  Additionally, no trial date will be set until after the Court rules on pending dispositive motions.  And because Eaton does not dispute the importance of the evidence Dr. Khanfar will provide, Defendants' arguments in this regard are well-taken.  The importance of Dr. Khanfar's testimony, if excluded, will eliminate what Defendants assert is a critical component of their defense.

As for Defendants' explanation for providing the Khanfar Report on January 2, 2023, rather than December 1, 2022, the Court weighs the arguments of both parties.

Eaton asserts that the Khanfar report plainly should have been disclosed on December 1, 2022, and its being labeled a "rebuttal report" does not make it so.  (Doc. No. 65.)  Quoting Eaton's motion, it states:

> In preparing the Stipulated Scheduling Order [Doc. No. 40], the parties included an additional deadline for rebuttal reports to permit the parties with the burden of proof to respond.  [] At all times, the parties understood the three expert report deadlines set forth in the Court's initial Stipulated Scheduling Order to suggest that the party with the burden of proof on an issue would serve an initial report, the opposing party would submit an expert report in response to the initial report, and then the party with the burden of proof on an issue would reply (rebuttal).

(*Id.* at PageID 615-16.)

This level of clarity is not in the Stipulated Scheduling Order. Defendants' opposition explains why the detail Eaton now provides should have been clearly stated in the proposed Stipulated Scheduling Order. (Doc. No. 67.) Defendants explain why the reference to "rebuttal reports" was understood by them to mean rebuttal reports to either (a) a report submitted by the party bearing the burden of proof on an issues or (b) a report submitted by a party who did not have the burden of proof on an issue. (*Id*. at PageID 636-37.) Eaton's effort to *now* inject clarifying language limiting rebuttal reports to the party bearing the burden of proof is without merit.

Having demonstrated substantial justification for its understanding that the Khanfar Report could be submitted on January 2, 2023, and having shown its perceived error was harmless, relief under Rules 26 and 37 is not warranted.

Eaton's motion is denied for the additional reason that Eaton did not comply with Local Rule 37.1. Local Rule 37.1 plainly states the procedures for bringing discovery disputes to the Court's attention. This is not the first time Eaton has disregarded Local Rule 37.1. Earlier in this litigation, the Court admonished the parties to comply with the procedures for raising discovery disputes that are plainly stated in Local Rule 37.1. (*See* 7/28/2022 Non-Doc. Order; Doc. No. 67-9 at PageID 709.)

To avoid Local Rule 37.1, Eaton boldly asserts that "this is not a discovery dispute" because "[e]ither the Defendants met the expert disclosure and report deadline or . . . they did not." (Doc. No. 73 at PageID 1059.) This is a *discovery* deadline set within the timeframe for expert discovery. Simply stated, this discovery dispute was governed by Local Rule 37.1. Eaton was well aware of Local Rule 37.1 and the Court's expectation that the parties adhere to it. Nonetheless, Eaton chose to violate Local Rule 37.1 and proceed with this motion to strike.

### III. <u>Conclusion</u>

Accordingly, Eaton's Motion to Strike the Rebuttal Expert Report of Adel Khanfar is DENIED.  Defendant's purported failure to comply with discovery deadlines applicable to expert witness disclosures was harmless, and Eaton did not comply with Local Rule 37.1.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: September 14, 2023