# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **EATON CORPORATION**, | ) | Case No.: 1:20-CV-893 |
| | ) | |
| *Plaintiff/Counter-Defendant*, | ) ) | HON. BRIDGET M. BRENNAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGSTROM AUTOMOTIVE GROUP, LLC AND WRENA, LLC**, | ) ) | |
| | ) | |
| *Defendants/Counter-Plaintiffs*. | ) ) ) | |

## PLAINTIFF EATON CORPORATION'S MOTION IN LIMINE
## TO PRECLUDE IMPROPER LAY WITNESS OPINION TESTIMONY[1]

Plaintiff Eaton Corporation ("Eaton") respectfully submits this motion in limine to preclude improper lay witness opinion testimony (the "Motion") by Defendants Angstrom Automotive Group, LLC and Wrena, LLC at trial. Specifically, pursuant to Fed R. Evid. 702, 401, and 403, Eaton seeks to preclude Defendants from arguing or soliciting lay witness testimony related to the sufficiency or viability of any alternative design for levers Eaton could have used in its ECA clutches. Any opinions on these matters can only be based upon scientific, technical, or other specialized knowledge and testing. Defendants, however, have not made the required disclosures, pursuant to Fed. R. Civ. P. 26, to offer any such argument or testimony at trial. Moreover, the viability of alternative designs is irrelevant to whether any of the parties breached their contractual obligations, which are the claims in this matter. Even if alternative design theories

---

[1] Eaton is aware that under the Court's Trial Order [D.E. 102], the deadline to file motions in limine was April 12, 2024. However, Eaton did not become aware that Defendants intend to rely on improper lay witness opinions until Eaton reviewed Defendants' Exhibit List filed on April 12, 2024. Accordingly, Eaton respectfully requests a brief enlargement of time to submit the instant Motion.

were relevant to this matter, their probative value would be substantially outweighed by the danger of: (1) confusion of the issues, (2) misleading the jury, (3) undue delay, (4) unfair prejudice, and (5) waste of time.

Eaton states the following in support of this Motion.

## I. BACKGROUND

On April 12, 2024, Defendants served their Exhibit List [D.E. 108]. Upon review of Defendants' Exhibit List, it is apparent that Defendants intend to elicit opinion testimony from lay witnesses regarding whether alternative designs of levers would have been better suited for use in Eaton's ECA Clutch than the 173c147 Lever (the "147 Lever") manufactured by Wrena under the 2016 Master Purchase Agreement. Indeed, Defendants' Exhibit List includes multiple exhibits related to alternative designs for levers, including Eaton's prior use of the 173c156 levers (the "156 Lever") in ECA clutches. [*See* D.E. 108]. Angstrom and Wrena's disclosed expert, Adel Khanfar, does not opine as to the sufficiency or viability of any alternative designs for levers or Eaton's prior use of the 156 Lever in ECA clutches, nor is Mr. Khanfar qualified to render such an opinion. Therefore, Eaton believes that Defendants will attempt to make argument and introduce such opinion testimony through lay witnesses. This is improper and a violation of Rules 701, 401, and 403 of the Federal Rules of Evidence. Accordingly, Eaton moves in limine to preclude such testimony.

## II. ARGUMENT

### A. Legal Standard.

The Federal Rules of Evidence provides that a lay witness may offer opinion testimony only if the testimony is: (a) "rationally based on the witness's perception;" (b) "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and (c) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid.

2

701; *Neal v. Second Sole of Youngstown, Inc.*, No. 1:17-CV-1625, 2018 WL 1740140, at *2 (N.D. Ohio Apr. 11, 2018). Subsection (c) was added to this rule in 2000 to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 525 (6th Cir. 2004) (quoting Fed. R. Evid. 701, Advisory Committee Notes for the 2000 Amendments). To be admissible, lay witness opinion testimony must meet all three of the above foundational requirements. *Dmytryk v. Kohl's, Inc.*, No. 20 CV 2381, 2021 WL 5866979, at *3 (N.D. Ohio Dec. 9, 2021).

### B. Defendants' Use of Lay Witness Opinion Testimony Regarding Design of Eaton's Levers Is Improper.

Defendants should be precluded from offering opinion testimony from any lay witness regarding the sufficiency or viability of any alternative design for levers to be used in Eaton's ECA clutches. Any opinion testimony on the sufficiency or viability of alternative designs for a lever to be used in Eaton's ECA clutches requires scientific analysis. Defendants' expert, Adel Khanfar, did not and is not qualified to render such opinions. Defendants should not be allowed to circumvent this by introducing lay witness opinion testimony on the issue. The preclusion of these lay witness opinions aligns with the purpose of Rule 701, which was "designed to prevent a party from conflating expert and lay opinion testimony, thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pretrial disclosure requirements set forth in . . . [Rule 26]." *United States v. Kilpatrick*, 798 F.3d 365, 381 (6th Cir. 2015).

Such testimony is also irrelevant to each of the claims in the instant action, which are all based on breach of contract. Fed. R. Evid. 401 provides that evidence is only relevant if (1) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (2)

3

"the fact is of consequence in determining the action." Here, whether Eaton could have used an alternative design for the levers used in Eaton's ECA clutches is irrelevant to any determination as to whether the parties fulfilled their contractual obligations.

Moreover, Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, even if Defendants reveal some inappreciable relevancy, the probative value of such evidence would certainly be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and wasting time.

Any attempt by Defendants to blindside Eaton and introduce the aforementioned opinion testimony through argument or lay witnesses would result in substantial prejudice to Eaton. Those witnesses were not disclosed as experts, did no scientific analysis, provided no reports, and sat for no expert depositions. Moreover, if Defendants make such argument or elicit such technical testimony, it could: (1) significantly lengthen the trial, cause undue delay, and waste time by forcing Eaton to call witnesses to dispute each potential alternative design; (2) confuse the jury of the matters at issue in the litigation; and (3) mislead the jury by presenting such technical testimony through unqualified witnesses. Defendants should be precluded from eliciting such lay witness opinion testimony at trial.

### III. CONCLUSION

Based on the foregoing, any argument or lay witness opinion testimony regarding the sufficiency or viability of any alternative designs for levers to be used in Eaton's ECA clutches cannot meet the standards for admissibility under Rule 701 of the Federal Rules of Evidence. Accordingly, Eaton respectfully requests the Court to permit a brief enlargement of time to submit

this Motion and grant its motion to preclude Defendants' improper lay witness opinion testimony at trial.

Dated:  April 23, 2024                              Respectfully submitted,

                    By:  */s/ Donnie M. King*
                         **AKERMAN LLP**
                         Michael C. Marsh (admitted *pro hac vice*)
                         Email: michael.marsh@akerman.com
                         Donnie M. King (admitted *pro hac vice*)
                         Email:  donnie.king@akerman.com
                         Eric D. Coleman (admitted *pro hac vice*)
                         Email:  eric.coleman@akerman.com
                         Reginald E. Janvier (admitted *pro hac vice*)
                         Email:  reginald.janvier@akerman.com
                         201 E. Las Olas Boulevard, Suite 1800
                         Fort Lauderdale, FL 33301
                         Telephone: (954) 463-2700
                         Facsimile: (954) 463-2224

                         **SHUMAKER, LOOP & KENDRICK LLP**
                         Sarah M. Sears (0101340)
                         Email: ssears@shumaker.com
                         121 S. Main Street, Suite 575
                         Akron, Ohio, 44308
                         Telephone: (330) 572-7323

                         *Attorneys for Plaintiff Eaton Corporation*

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 23, 2024, a copy of the foregoing was served via email on all parties in this action.

                         */s/ Donnie M. King*
                         Donnie M. King (admitted *pro hac vice*)
                         *Attorneys for Plaintiff Eaton Corporation*