# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **EATON CORPORATION**, | Case No.: 1:20-CV-893 |
| *Plaintiff/Counter-Defendant,* | HON. BRIDGET M. BRENNAN |
| vs. | |
| **ANGSTROM AUTOMOTIVE GROUP, LLC AND WRENA, LLC**, | |
| *Defendants/Counter-Plaintiffs.* | |

## PLAINTIFF EATON CORPORATION'S MOTION TO AMEND FINAL JUDGMENT

Plaintiff Eaton Corporation ("Eaton"), pursuant to Federal Rule of Civil Procedure 59(e), files this Motion to Alter or Amend Judgment Entry, and states the following in support:

### I.  BACKGROUND

Eaton filed this action on April 24, 2020, asserting claims for breach of contract against Angstrom (Count 1 of the Complaint), breach of contract against Wrena (Count 2 of the Complaint), breach of express warranty against both Defendants (Count 3 of the Complaint), and breach of implied warranty of merchantability against both Defendants (Count 4 of the Complaint). [ECF No. 1.] Wrena and Angstrom filed counterclaims against Eaton for fraudulent inducement (Counterclaim 1) and breach of contract (Counterclaim 2). [ECF No. 41.]

On June 17, 2024, following a jury verdict in Eaton's favor, this Court entered final judgment for Eaton on all of its remaining claims; and against Angstrom Automotive Group, LLC ("Angstrom") and Wrena LLC ("Wrena") on all of their remaining counterclaims. [D.E. 178.] The final judgment awarded Eaton $30 million. *Id.*

## II. ARGUMENT

### a. Eaton is entitled to prejudgment interest.

Eaton is entitled to prejudgment interest under applicable Ohio law. A post-judgment motion for prejudgment interest should be treated as a motion to alter or amend the judgment under Rule 59(e). *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 175 (1989). There is no dispute that Ohio substantive law governs in this matter. [ECF No. 94:8]. Accordingly, Ohio's prejudgment interest statute and Ohio law govern any prejudgment interest award in this diversity action. *See F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) ("In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest."); *Daily v. Gusto Records, Inc.*, 14 F. App'x 579, 593 (6th Cir. 2001) ("There is no dispute that in a diversity action the question of prejudgment interest must be determined under state law."). Under Ohio law, prejudgment interest is mandatory in any breach of contract case:

> Once a plaintiff receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A). The only issue for resolution by a trial court with respect to prejudgment interest under R.C. 1343.03(A) is how much interest is due. Thus, the trial court's discretion with respect to an award of prejudgment interest on a contract claim extends only to the factual determinations of when interest commences to run and what interest rate applied.

*Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09-CV-847, 2010 WL 4638057, at *2 (N.D. Ohio Nov. 5, 2010) (quoting *Knott v. Revolution Software, Inc.*, 181 Ohio App. 3d 519, 530 (2009)); *see Slack v. Cooper*, 143 Ohio App. 3d 74, 85 (2001) ("Under R.C. 1343.03(A), a trial court does not have discretion in awarding prejudgment interest.").

In a breach of contract action, "prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of

ascertainment until determined by the court." *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117 (1995). For "typical" breach of contract cases, prejudgment interest commences on the date of the contract breach. *See O'Nesti v. DeBartolo Realty Corp.*, 839 N.E.2d 943, 963 (Ohio Ct. App. 2005), rev'd on other grounds, 113 Ohio St. 3d 59 (2007) (noting that under *Royal Electric*, "the money becomes due and payable on the date the cause of action accrued, which would be the date of the breach"); *see also Bell v. Ohio St. Bd. of Trustees*, No. 06AP-1174, 2007 WL 1640968, at *7 (Ohio Ct. App. June 7, 2007) (stating that, for purposes of the statute of limitations, a breach of contract action accrues "when the breach occurs or when the complaining party suffers actual damages").

Here, the jury found that Defendants breached their respective contracts with Eaton. Defendants' breach began in April 2018, when the defective 147 Levers began failing in the field. As such, prejudgment interest should begin to run from 2018.

Further, the date of judgment is undisputed. It was filed on June 17, 2024. [ECF No. 178.] Therefore, Eaton is entitled to interest from April 2018 to the date of current judgment, June 17, 2024. Should this Court amend the judgment, prejudgment interest should run through the date of the amendment of the judgment. Under R.C. 1343.03, trial courts are to apply Ohio's statute on interest, R.C. 5703.47, which provides a variable statutory rate of interest, as determined on an annual basis by Ohio's Tax Commissioner. For the time period at issue in this case, the interest rates are as follows:[1]

| Calendar Year | Annual Rate | Monthly Accrual |
|---|---|---|
| 2024 | 8% | 0.67% |
| 2023 | 5% | 0.42% |

---

[1] Ohio's current and historical interest rates can be found at https://tax.ohio.gov/researcher/interest-rates/interest-rates.

| | | |
|---|---|---|
| 2022-2021 | 3% | 0.25% |
| 2020-2019 | 5% | 0.42% |
| 2018 | 4% | 0.33% |

Attached as Exhibit 1 is a prejudgment interest calculation prepared by Eaton's damages expert, David Clark, totaling $5,175,418. Accordingly, Eaton is entitled to prejudgment interest in the amount of $5,175,418 through June 17, 2024, and $6,700 per day thereafter through the date of the amended judgment.

### b. Eaton is also entitled to post-judgment interest.

Finally, this Court should award post-judgment interest to Eaton from the date of the original judgment until the date of the satisfaction of the amended judgment. 28 U.S.C. § 1961 governs federal post-judgment interest. That statute states in part:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
>
> (b) Interest shall be computed daily to the date of payment . . . and shall be compounded annually.

28 U.S.C. § 1961(a)-(b). The federal post-judgment interest rate applicable in this case currently is 5.12%. Therefore, upon issuance of the amended judgment, Eaton requests that the Court note that Eaton is entitled to post-judgment interest at the federal statutory rate from the date of the original final judgment until the amended judgment is satisfied.

## III. CONCLUSION

Based on the foregoing, Plaintiff Eaton Corporation respectfully requests that the Court enter an order granting the instant motion and entering the amended final judgment attached hereto as Exhibit 2.

Dated: June 20, 2024

Respectfully submitted,

By: */s/ Donnie M. King*
**AKERMAN LLP**
Michael C. Marsh (admitted *pro hac vice*)
Email: michael.marsh@akerman.com
Donnie M. King (admitted *pro hac vice*)
Email: donnie.king@akerman.com
Eric D. Coleman (admitted *pro hac vice*)
Email: eric.coleman@akerman.com
Reginald E. Janvier (admitted *pro hac vice*)
Email: reginald.janvier@akerman.com
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

**SHUMAKER, LOOP & KENDRICK LLP**
Sarah M. Sears (0101340)
Email: ssears@shumaker.com
121 S. Main Street, Suite 575
Akron, Ohio, 44308
Telephone: (330) 572-7323

*Attorneys for Plaintiff Eaton Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 20, 2024, a copy of the foregoing was served via email on all parties in this action.

/s/ Donnie M. King
Donnie M. King (admitted *pro hac vice*)
*Attorneys for Plaintiff Eaton Corporation*