UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EATON CORPORATION, ) | CASE NO. 1:20-cv-893 |
| ) | |
| Plaintiff/Counter-Defendant, ) | JUDGE BRIDGET MEEHAN BRENNAN |
| ) | |
| v. ) | |
| ) | |
| WRENA, LLC and ANGSTROM ) | **MEMORANDUM OPINION** |
| AUTOMOTIVE GROUP, LLC, ) | **AND ORDER** |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

Before the Court is Plaintiff Eaton Corporation's Motion to Amend Final Judgment (Doc. 179). Defendants Wrena, LLC and Angstrom Automotive Group, LLC (collectively "Defendants") do not oppose the motion instead stating that they defer to the Court and otherwise preserve any rights they may have on appeal. (Doc. 181.) For the reasons that follow, Eaton's Motion to Amend Final Judgment is granted.

**I.  BACKGROUND**

Eaton Corporation ("Eaton") brought breach of contract and warranty claims against Defendants for faulty engine transmission levers. Defendants disputed the claims and asserted Eaton's flawed design specifications caused the failures. Defendants also argued that Eaton induced Defendants to accept a later contract by delaying notice to Defendants that the lever failures caused an approximately $60 million warranty spill. Defendants also challenged the manner of Eaton's notice of breach.

The case proceeded to a jury trial. The jury returned verdicts in Eaton's favor and awarded Eaton $30 million in damages. The jury rejected Defendants' counterclaims and affirmative defenses. The Court entered judgment on June 17, 2024.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 59(e) permits a party to seek an amended judgment, provided such a motion is made within 28 days of judgment. Fed. R. Civ. P. 59(e). Eaton timely seeks amendment to include prejudgment and postjudgment interest. The Court will address each in turn.

### A.   Prejudgment Interest

"[S]tate law governs awards of prejudgment interest." *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000); *see also Am.'s Collectibles Network, Inc. v. Sterling Com. (Am.), Inc.*, 819 F. App'x 397, 402 (6th Cir. 2020) ("prejudgment interest rate in a diversity action must be calculated using state law"). The parties do not dispute Ohio law applies to this case. (Doc. 179 at 6262.)

Under Ohio law, pre-judgment interest is mandatory for breach of contract. *See Lincoln Elec. Co. v. St. Paul Fire and Marine Ins. Co.*, 210 F.3d 672, 692 (6th Cir. 2000) (citing R.C. § 1343.03(A)). Section 1343.03 of the Ohio Revised Code provides:

> [W]hen money becomes due and payable upon any . . . instrument of writing, . . . and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code[.]

R.C. § 1343.03(A). Prejudgment interest is part of the compensation to which a prevailing party is entitled. *Lincoln Elec.*, 210 F.3d at 692.

Prejudgment interest is "calculated from the accrual date of the breach of contract claim." *McNulty v. PLS Acquisition Corp.*, No. 79025, 2002 WL 31875200, 2002 Ohio App. LEXIS 7038, *28 (Ohio Ct. App. Dec. 26, 2002); *Royal Elec. Const. Corp. v. Ohio State Univ.*, 652 NE.2d 687, 692 (Ohio 1995) (holding that prejudgment interests should include compensation "for the lapse of time between accrual of the claim and judgment").  Ohio's prejudgment interest rate is subject to change each year.  *Hulse v. Angala*, No. 93547, 2010 WL 376789, 2010 Ohio App. LEXIS 289, *6 (Ohio Ct. App. Feb. 4, 2010).  The trial court must determine, as a matter of law, the accrual date for prejudgment interest.  *Lincoln Elec.*, 210 F.3d at 693 ("The trial court judge is responsible for identifying the date of accrual.").  From that date, the court must then determine the damages per year and apply each year's stated prejudgment interest rate to ascertain the total amount of prejudgment interest to be awarded.

Consistent with its position at trial, Eaton asserts that its claims began to accrue in April 2018—when the engine transmission levers first began failing in the field.  (Doc. 179 at 6263.)  Defendants do not dispute the accrual period began in April 2018.  The Court therefore finds the prejudgment interest accrual period began in April 2018.

In support of its prejudgment damages calculation, Eaton attached to its motion a "Calculation of Gross Damages and Prejudgment Interest."  (Doc. 179-1.)   For the specified damages period, so Q1 2018 through Q2 2024, the specific amount of damages sought for each year is detailed and calculated to correspond with the prejudgment interest rate for each of years 2018 through 2024.  Again, Defendants state no objection.  The Court finds Eaton's calculation to be consistent with the evidence provided at trial, and each of the relevant year's prejudgment interest rate is correctly stated.

Eaton also seeks prejudgment interest in the amount of $6,700 per day until an amended judgment is entered.  (Doc. 179 at 6263.)  In *Stryker Corp. v. XL Ins. Am.*, the Sixth Circuit explained that prejudgment interest runs until the court enters a final judgment as it relates to prejudgment interest.  735 F.3d 349, 361 (6th Cir. 2012).  Eaton's additional request, also unopposed, is consistent with established Sixth Circuit precedent.  For this reason, additional prejudgment interest at the amount of $6,700 per day is also granted.

B.      **Postjudgment Interest**

Eaton seeks postjudgment interest as well.[1]  (Doc. 179 at 6264.)  Unlike prejudgment interest, postjudgment interest is governed by federal law rather than state law.  *First Heights Bank*, 229 F.3d at 542 ("federal law controls postjudgment interest").

Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  Post-judgment interest is inclusive of all money damages, including pre-judgment interest, attorneys' fees, and costs.  *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002) ("postjudgment interest should be awarded on the entire amount of the judgment, including any prejudgment interest."); *Vick v. Metro. Life Ins. Co.*, No. 03-cv-73124, 2006 WL 8431558, 2006 U.S. Dist. LEXIS 41708, *22 (E.D. Mich. June 22, 2006) ("Post-judgment interest should be imposed on all money damages including pre-judgment interest and attorney fees.").  The federal statutory postjudgment interest rate is determined in accordance with § 1961(a) and runs from the date prejudgment interest ends.  *Stryker*, 735 F.3d at 361.  The interest rate is computed each day until the date of satisfaction of

---

[1] Eaton's motion seeks postjudgment interest at 5.12%, which was the interest rate in June 2024.  But since postjudgment interest must correspond to the stated interest rate on the date of any amended judgment, the requested interest rate is no longer applicable.

judgment and is compounded annually.  28 U.S.C. § 1961(b).  Thus, postjudgment interest will accrue from the date of this Court's amended judgment.

Pursuant to 28 U.S.C. § 1961, the current postjudgment interest rate is 4.24%.  *See* Board of Governors of the Federal Reserve System, *Selected Interest Rates*, https://www.federalreserve.gov/releases/h15/.  The Court therefore grants unopposed Eaton's motion for an amended judgment to include federal statutory postjudgment interest.

## III. CONCLUSION

For the reasons stated herein, Eaton's Motion for Amended Final Judgment is GRANTED.  Eaton is hereby awarded prejudgment interest in the amount of $5,175,418, plus $6,700 per day since the date of the Court's initial judgment, for a total prejudgment interest award of $6,354,618.  Eaton is also hereby awarded postjudgment interest at 4.24% per day until satisfaction of judgment and otherwise in accordance with 28 U.S.C. § 1961(a)-(b).

**IT IS SO ORDERED.**

Date:  December 10, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE