UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EATON CORPORATION, | ) | CASE NO. 1:20-cv-893 |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WRENA, LLC and ANGSTROM | ) | **MEMORANDUM OPINION** |
| AUTOMOTIVE GROUP, LLC, | ) | **AND ORDER** |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |
| | ) | |

Defendants/Counter-Plaintiffs Wrena, LLC and Angstrom Automotive Group, LLC (collectively "Defendants") move for a discretionary stay of execution of judgment pending appeal. (Doc. 185.) Plaintiff/Counter-Defendant Eaton Corporation ("Eaton") opposed the motion (Doc. 187), and Defendants replied (Doc. 194). For the reasons that follow, the motion is DENIED.

**I.    BACKGROUND**

Eaton brought breach of contract and warranty claims against Defendants for faulty engine transmission levers. Defendants disputed the claims and asserted Eaton's flawed design specifications caused the failures. Defendants also argued that Eaton induced Defendants to accept a later contract by delaying notice to Defendants that the lever failures caused an approximately $60 million warranty spill. Defendants also challenged the manner of Eaton's notice of breach.

The case proceeded to a jury trial. The jury returned verdicts in Eaton's favor and awarded Eaton $30 million in damages. The jury rejected Defendants' counterclaims and

affirmative defenses.  The Court entered judgment on June 17, 2024.  Defendants timely filed a notice of appeal.  On December 10, 2024, the Court granted Eaton's motion to amend the final judgment to include pre-judgment and post-judgment interest.  The full amount of judgment, at present, is $6,354,618.

II.     LAW AND ANALYSIS

Federal Rule of Civil Procedure 62 provides that, while an appeal is pending, appellants may stay the execution of judgment by posting a supersedeas bond.  Fed. R. Civ. P. 62(d).  "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).  A stay of right, therefore, is "contingent upon the posting of a court approved supersedeas bond."  *Hamlin v, Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich 1998).

Rule 62's bond requirement serves a dual protective purpose.  *Id.*  An appellant who posts a bond avoids the risk of being unable to recoup the money if the appeal is successful and the judgement vacated.  *Id.*  For the appellee, for whom the judgment is in favor, a bond insures the money presently owed is safeguarded while the appeal is pending.  *Id.*  For appellees, it is both "insurance and compensation."  *Id.*; see also *Selective Ins. Co. of the Se. v. RLI Ins. Co.*, No. 12-cv-2126, 2017 WL 366296, 2017 U.S. Dist. LEXIS 10344, *3 (N.D. Ohio Jan. 25, 2017) (discussing dual purpose of the supersedeas bond requirement); *Physicians Ins. Cap., LLC v. Praesidium All. Grp., LLC*, No. 12-cv-1789, 2013 WL 5232817, 2013 U.S. Dist. LEXIS 132177, *6 (N.D. Ohio Sept. 16, 2013) (same).

In recognizing this dual protective purpose, "a full supersedeas bond should almost always be required."  *Siding & Insulation Co. v. Alco Vending, Inc.*, No. 11-cv-1060, 2016 WL 1366764, 2016 U.S. Dist. LEXIS 46476, *5 (N.D. Ohio Apr. 6, 2016) (quoting *Hamlin*, 181

F.R.D. at 351). A full supersedeas bond guarantees a stay as of right under Rule 62(d), but Rule 62(d) does not limit a court's discretionary authority to reduce or waive the bond requirement altogether. *Arban*, 345 F.3d at 409. "[T]he Sixth Circuit has not explained what factors a court should consider in determining whether to waive the bond requirement." *Monks v. Long Term Disability Benefits Plan for Certain Hourly Emps. of Champion Intern. Co.*, No. 08–cv–752, 2012 WL 1598294, 2012 U.S. Dist. LEXIS 63573, at *4 (S.D. Ohio May 7, 2012). However, "[d]istrict courts within the Sixth Circuit have required parties seeking a stay of execution of judgment without a supersedeas bond to demonstrate 'extraordinary circumstances' justifying such a waiver." *Maxum Indem. Co. v. Drive W. Ins. Servs., Inc.*, No. 13-cv-191, 2019 WL 340107, 2019 U.S. Dist. LEXIS 13164, at *4 (S.D. Ohio Jan. 28, 2019) (collecting cases); *Bank v. Byrd*, No. 10-02004, 2012 WL 5384162, 2012 U.S. Dist. LEXIS 157076, at *6 (W.D. Tenn. Nov. 1, 2012) ("Although the Sixth Circuit has not established a definitive standard to guide district courts in awarding stays without bond, 'many district courts' in the Circuit 'have held that a full supersedeas bond . . . should only be excused where the appellant has demonstrated the existence of extraordinary circumstances.'") (quoting *Monks*, 2012 WL 1598294, 2012 U.S. Dist. LEXIS 63573, at *4).

> Under the "extraordinary circumstances" test, courts consider the following five factors:
>
> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988); *see also Nat'l Credit Union Admin. Bd. v. Zovko*, No. 13-cv-1430, 2017 WL 11231019, 2017 U.S. Dist. LEXIS 228597, at *4–5 (N.D.

Ohio Aug. 4, 2017) ("courts in this circuit have used five factors previously enumerated by the Seventh Circuit").

Defendants urge the consideration of factors used when evaluating requests for injunctive relief.  (Doc. 194 at 6496.)  In support, they rely on two Supreme Court cases, *Hilton v. Braunskill*, 481 U.S. 770 (1987) and *Nken v. Holder*, 556 U.S. 418 (2009).  (*Id.* at 6497.)  The Court has reviewed these cases and concludes they are inapposite because neither addressed supersedeas bonds.  The judgment in this case is strictly monetary.  Thus, neither *Hilton* nor *Nken* direct this Court to an alternative set of factors to consider.  *See Gould Elecs. Inc. v. Livingston Cnty. Road Comm'n*, No. 17-11130, 2021 WL 1526277, 2021 U.S. Dist. LEXIS 74553, at *6 (E.D. Mich. Apr. 19, 2021) ("The *Hilton* factors, however, have no application where a party seeks a stay of a monetary judgment.").

Defendants focus their argument on a "precarious financial condition," which is the fifth factor for consideration:

> [Defendants have] no ability to pay the $30 million judgment nor post a supersedeas bond. (Ex. A, ¶ 3.) In the event Eaton commences post-judgment collection efforts, it will likely garnish [Defendants'] customers who owe it money. A judgment of this size will "trigger" default clauses in [Defendants'] supply contracts with its customers, and, in turn, [Defendants'] customers will likely declare a breach of their supply contracts with [Defendants], and take steps to purchase components from other suppliers. (Ex. A, ¶ 4.) Accordingly, [Defendant] will have no choice but to file for bankruptcy or go out of business. (*Id.*)

(Doc. 185 at 6383.)  The pronouncement that Defendants cannot pay the present judgment, nor can Defendants post the bond, and the potential consequences that may lead to bankruptcy, are certainly factors to consider.  And the Court does.  These factors must be considered, however, in connection with the other four factors: complexity of collection; Eaton's timeline for collecting if judgment is affirmed; the court's confidence Defendants can pay; and that bond may be unnecessary where solvency is so readily established.

No one asserts collection efforts will be complex, so this factor is neutral. Factors two, three, and four (timeline for collection, confidence in ability to pay, and obviousness of financial stability, respectively), all weigh in Eaton's favor. Defendants' representations in favor of waiver greatly undermine the Court's confidence the jury's verdict, if upheld, will be collectible at all. Defendants unequivocal statement that it "cannot pay" the judgment or bond, along with the financial consequences of judgment or bond leading to definite bankruptcy or the closing of its business, weigh strongly in favor of requiring a bond. Insolvency arguments, like those made here, weigh in favor of protecting the rights of the party for whom judgment was rendered. *See Allied Erecting & Dismantling Co., Inc. v. United States Steel Corp.*, No. 12-cv-1390, 2016 WL 1106854, 2016 U.S. Dist. LEXIS (N.D. Ohio Mar. 21, 2016) (finding that a full supersedeas bond "appropriately balances the parties' interests by placing the risk that [debtors'] financial state may deteriorate" with the debtor); *Byrd*, 2012 WL 5384162, 2012 U.S. Dist. LEXIS 157076, *9 (denying motion to waive supersedeas bond due to financial hardship because it "would be directly contrary to the purposes of Rule 62(d)."). Thus, while the fifth factor weighs in Defendants' favor, it is, on balance, outweighed by the other factors discussed above.

Defendants' financial condition appears precarious, indeed. But the law requires this Court's evaluation of "insurance and compensation" to Eaton. *Byrd*, 2012 WL 5384162, 2012 U.S. Dist. LEXIS 157076, *9 (describing dual protective role of supersedeas bond, which includes ensuring "the appellee's interest in collecting its judgment is adequately protected"). Defendants have asserted that no insurance or compensation can be guaranteed. This argument is precisely why a full supersedeas bond is required in nearly every instance. *Physicians Ins. Cap.*, 2013 WL 5232817, 2013 U.S. Dist. LEXIS 132177, *9–10 (if a defendant "has such diminished assets that allowing judgment to proceed or requiring bond to grant a stay would

cause him to go into bankruptcy, '[t]his is exactly the type of injury against which a supersedeas bond is designed to protect—the possibility that a judgment may later be uncollectible.'") (*Valley Nat'l Gas, Inc. v. Marihugh*, No. 07-11675, 2008 WL 4601032, 2008 U.S. Dist. LEXIS 89055, *4 (E.D. Mich. Oct. 14, 2008)).  Thus, while the fifth factor weighs in Defendants' favor, it is, on balance, outweighed by the other factors discussed above.

Notwithstanding its request for full relief from the bond requirement, Defendants assert the Court can review their financial records *in camera* and determine an alternative bond amount.  An alternative supersedeas bond amount is Defendants' burden to establish, not the Court's obligation to fashion.  *See Nat'l Credit Union*, 2017 WL 11231019, 2017 U.S. Dist. LEXIS 228597, *7; *Physicians Ins. Cap.*, 2013 WL 5232817, 2013 U.S. Dist. LEXIS 132177, *10.  Defendants have not proposed an alternative bond amount or any other protections from which the Court could find the judgment would be adequately protected during the appeal.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Discretionary Stay Pending Appeal (Doc. 185) is DENIED.


**IT IS SO ORDERED.**


Date:  December 11, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE