UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EATON CORPORATION, | ) | CASE NO.  1:20-cv-893 |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ANGSTROM AUTOMOTIVE GROUP, | ) | **MEMORANDUM OPINION** |
| LLC and WRENA, LLC, | ) | **AND ORDER** |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

Before the Court are Defendants' motions pursuant to Federal Rule of Civil Procedure 59 and 60.  (Docs. 182, 183.)  Plaintiff opposed (Docs. 188, 189) and Defendants replied (Docs. 192, 193).  For the reasons explained below, Defendants' motions are DENIED.

**I.     Background**

Eaton Corporation ("Eaton") sued Angstrom Automotive Group, LLC and Wrena, LLC (together "Wrena") for breach of contract and breach of express warranty.  (Doc. 1.)  Primarily, Eaton alleged Wrena improperly manufactured levers used in Eaton's transmissions for engines. (*Id.*)  When those levers failed in the field, it caused a warranty spill resulting in approximately $60 million in damages.  (*Id.*)  Through this lawsuit, Eaton sought to hold Wrena accountable for the warranty spill and recover damages.  Wrena claimed Eaton was responsible for the warranty spill because it provided insufficient design prints to Wrena.  (Doc. 41.)  Wrena also argued Eaton failed to give proper notice of breach, and instead, Eaton perpetrated a fraud on Wrena by delaying the notice.  (*Id.*)  Accordingly, Wrena brought counterclaims alleging fraudulent inducement, breach of contract, and declaratory judgment.  (*Id.*)

The parties tried the case to a jury. The jury returned a verdict for Eaton and awarded $30 million in damages. (Doc. 175.) The jury rejected Wrena's counterclaims and defenses. (*Id.*) Wrena now moves under Rule 59 and 60 to alter judgment, for a new trial, and/or for remittitur. (Docs. 182, 183.) The two motions raise identical arguments.

II.     **Legal Standard**

Under Rule 59(e), a party may move to alter or amend judgment. Fed. R. Civ. P. 59(e). A court may grant a motion under Rule 59(e) "only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *ACLU of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). In considering a Rule 59(e) motion, "a district court must consider the 'interest of protecting the finality of judgments and the expeditious termination of litigation.'" *Bunn v. Navistar, Inc.*, 797 F. App'x 247, 256 (6th Cir. 2020) (quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615–16 (6th Cir. 2010)). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). A district court has "considerable discretion" in reviewing Rule 59(e) motions. *Leisure Caviar*, 616 F.3d at 615.

Under Rule 59(a), a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being

unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996) (citations omitted).

Under Rule 60, a party may move for relief from judgment. Fed. R. Civ. P. 60(b). "Rule 60(b) sets forth the criteria for determining whether relief from a federal court's judgment or order is warranted." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). As relevant here, Rule 60(b)(1) provides for relief for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(3) provides for relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). A motion under Rule 60(b) "is not to be used as a substitute for appeal." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (citation omitted). "As such, Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Id.* at 385.

### III. Analysis

Wrena asserts three arguments under both Rule 59 and Rule 60. First, Wrena argues the Court issued an improper jury instruction on notice of breach when the Court followed Ohio and Sixth Circuit pattern jury instructions. (Doc. 182 at 6284.) Second, Wrena argues the Court erred when it allowed Dr. Marc Zupan, Eaton's expert, to give rebuttal testimony at trial. (*Id.* at 6287.) Wrena argues the Court previously found Dr. Zupan could not submit a rebuttal report, but allowed Dr. Zupan to testify to rebuttal opinions at trial nonetheless. (*Id.*) Wrena also argues

Dr. Zupan made false representations at trial.  (*Id.* at 6287–88.)  Third, Wrena argues Eaton's witness, Lori Hillman, testified falsely.  (*Id.* at 6288.)

    A.    **Rule 59 Motion**

        1.    **Jury Instruction**

Wrena argues the Court improperly issued a jury instruction on notice of breach.  (Doc. 182 at 6284.)  "A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law."  *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 725 F.3d 571, 579 (6th Cir. 2013) (quoting *Jones v. Federated Fin. Rsrv. Corp.*, 144 F.3d 961, 966 (6th Cir. 1998)).  "A trial judge has considerable discretion in choosing the language of an instruction so long as the substance of the relevant point is adequately expressed."  *Boyle v. United States*, 556 U.S. 938, 946 (2009).

> The Court issued the following jury instruction with respect to notice of breach:
>
> A buyer who has accepted goods must notify the seller of any claimed breach by the seller or be barred from any recovery.  The notice may be written or oral.  The notice is sufficient if it alerts the seller that there is a problem with the goods.  It need not state all that is wrong with the goods.  The notice must be given by the buyer within a reasonable time after the buyer discovered or should have discovered the breach.  If the buyer did not give such a notice, the buyer is barred from any remedy against the seller even if the seller was not harmed by the failure to give proper notice.

(Doc. 173 at 6101–02.)  Wrena's motion under Rule 59 repeats the same arguments it previously made with respect to this jury instruction.  Wrena argues the jury instruction was improper because Eaton did not provide reasonable and adequate notice as a matter of law.  (Doc. 182 at 6284.)  The Court rejected those arguments on summary judgment finding factual disputes a jury must resolve.  (Doc. 94 at 2790.)  A motion for reconsideration, however, "is not an opportunity to re-argue a case."  *Engler*, 146 F.3d at 374.

The Court also finds no error in the instruction. The instruction follows Ohio pattern jury instructions. *See* OJI-CV 505.47. This instruction is consistent with Ohio law. *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624 (Ohio 1989). Wrena sought to modify the pattern jury instruction because Wrena believes the relationship with Eaton was unique. (Doc. 182 at 6285.) Wrena has not presented controlling case law that would require the Court to depart from the pattern instruction. Instead, Wrena relies on out-of-state case law or cases decided before *Chemtrol*. (*See* Doc. 182 at 6285–87.)

Wrena also presents a series of factual arguments about the timing of the notice, the reasonableness of notice, and the specificity of the notice. (Doc. 182 at 6284.) Wrena was free to make these arguments at trial and did so. But, in rendering its verdict, the jury rejected them.

The Court did not err in issuing the Ohio pattern jury instruction. Based on the jury instruction, Wrena has not presented a clear error of law or a need to prevent manifest injustice under Rule 59(e). Wrena also has not presented evidence the trial was unfair in some fashion under Rule 59(a).

### 2. Dr. Marc Zupan's Testimony

Wrena argues the Court improperly allowed Dr. Marc Zupan to provide rebuttal testimony, contradicting a previous Court order. (Doc. 182 at 6278.) Wrena further argues Dr. Zupan falsely testified about CAD software and the ability to determine tolerances of a design print. (*Id.* at 6280.)

During the final pre-trial conference, the Court granted Wrena's motion to preclude Dr. Zupan from providing a rebuttal expert report to rebut Wrena's expert, Dr. Adel Khanfar. (Doc. 110.) Eaton did not submit a rebuttal report in time and its request to do so on the eve of trial was too late. (Doc. 144 at 3830–31.) Wrena now complains that Dr. Zupan testified to

undisclosed rebuttal testimony despite the Court's prior orders.  For instance, Wrena argues Dr. Zupan improperly testified to the effect of shot peening the levers, CAD software features, and mixed batches of levers.  (Doc. 182 at 6279; Doc. 192 at 6430–33.)  Initially, it is not altogether clear these topics are new rebuttal testimony not previously disclosed.  And Wrena does not provide the Court with any authority that such a ruling is grounds for relief under Rule 59.  In any event, the parties mutually agreed experts could attend trial proceedings.  (Doc. 165 at 4427.)  In doing so, experts were allowed to observe and comment on testimony.  Two of Eaton's witnesses, Michael Bassett and Lori Hillman, extensively testified about these topics prior to Dr. Zupan's testimony.

As to Wrena's argument that Dr. Zupan falsely testified about CAD software and the ability to determine tolerances, Wrena's argument fails.  A court may grant a Rule 59 or 60 motion where "the court is 'reasonably well satisfied that the testimony given by a material witness is false; that, without it, a jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial.'"  *Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996) (quoting *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 134 (6th Cir. 1990)).  First, Dr. Zupan's testimony regarding CAD software is not new.  It was disclosed in his expert report.  (Doc. 81-10.)  Wrena had the opportunity to depose Dr. Zupan about those opinions and could cross-examine him at trial.  Second, Wrena has not shown Dr. Zupan's testimony was false.  Other than the bare assertion the testimony was false, Wrena has provided the Court with nothing to conclude his testimony was untruthful.  In any event, any alleged "false" testimony could have been addressed through cross-examination at trial.  Lastly, Wrena did not discover any alleged falsity only after trial.

The Court did not err in allowing Dr. Zupan's testimony. Based on the Court's ruling at trial, Wrena has not presented a clear error of law or a need to prevent manifest injustice under Rule 59(e). Wrena also has not presented evidence the trial was unfair in some fashion under Rule 59(a).

### 3. Lori Hillman's Testimony

Wrena argues Lori Hillman falsely testified about data relating to failure rates for Eaton's levers. (Doc. 182 at 6281.) Wrena also argues that data was never produced in this litigation. (*Id.*) Neither argument is persuasive.

As it relates to the document itself, it was produced during discovery. (Doc. 171 at 1522–23.) Wrena's counsel used the document during Hillman's deposition. (*Id.*) If Wrena argues other production data was not produced, Wrena has not shown this Court that this is true. Wrena only attaches its discovery requests propounded on Eaton but does not include the responses.

To the extent Wrena argues Hillman misrepresented the contents of the document at trial, like its arguments about Dr. Zupan's testimony, Wrena cannot meet the appropriate standard. First, Wrena has not shown this Court that the testimony was false. Second, Wrena was not surprised—the testimony was based off a document Wrena itself used in Hillman's deposition. Lastly, Wrena cross-examined Hillman during trial. At that time, Wrena could have confronted Hillman about her interpretation of the data and what the data set included and what it did not, among other things. But Wrena chose not to do so. Again, Wrena did not discover any alleged falsity only after trial.

The Court did not err in allowing Hillman's testimony. Based on the Court's ruling at trial, Wrena has not presented a clear error of law or a need to prevent manifest injustice under

Rule 59(e). Wrena also has not presented evidence the trial was unfair in some fashion under Rule 59(a).

### B. Rule 60 Motion

Wrena's Rule 60 motion is duplicative of its Rule 59 motion. For the same reasons argued above, Wrena seeks to vacate the judgment under Rule 60(b)(1) and (3). (Doc. 183 at 6326.) Like its Rule 59 motion, Wrena's arguments are not appropriate for a Rule 60 motion. *See Jinks*, 250 F.3d at 386 ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.") (citation omitted). Nonetheless, as with its arguments under Rule 59, Wrena has not shown it is entitled to relief under Rule 60. For the reasons stated above, the Court did not commit legal error related to the jury instruction on notice of breach. Thus, there are no grounds for relief under Rule 60(b)(1) for legal error. And, for the reasons stated above, there was no fraud, misrepresentation, or misconduct by an opposing party with respect to the testimony of Dr. Zupan or Hillman. Thus, there are no grounds for relief under Rule 60(b)(3).

### C. Remittitur

Wrena requests this Court order remittitur. (Doc. 182 at 6289.) "[A] motion for new trial seeking a remittitur of a jury's verdict . . . should be granted only if the award clearly exceeds the amount which, under the evidence in the case, was the maximum that a jury could reasonably find." *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 397 (6th Cir. 1993) (citations and quotation marks omitted); *see also Farber v. Massillon Bd. of Educ.*, 917 F.2d 1391, 1395 (6th Cir. 1990) ("A trial court is within its discretion in remitting a verdict only when, after reviewing all evidence in the light most favorable to the awardee, it is convinced that the verdict is clearly excessive[.]") (citation omitted).

Wrena argues the jury's verdict was excessive "in light of the evidence presented at trial which indisputedly [sic] showed Eaton failed to conduct fatigue test of 147 Levers during PPAP in February 2017 . . . and then inexplicably ignored 147 Levers fracturing during an A2 linear fatigue test in May 2017." (Doc. 182 at 6289.)  Further, Eaton continued to order the 147 Levers from Wrena. (*Id.*)  These arguments do not merit remittitur.  First, Wrena presented these arguments to the jury.  The jury found Wrena liable for the lever issue and awarded damages accordingly.  Second, the award does not exceed the maximum amount the jury could reasonably find and is not clearly excessive.

The Court denies Wrena's motion for remittitur.

IV. **Conclusion**

For the reasons explained above, Defendants' motions are DENIED.

**IT IS SO ORDERED.**

Date:  January 13, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE